(35 Misc. Rep. 279.)

### McDONALD v. ALEXANDER.

(Supreme Court, Appellate Term. June, 1901.)

CONTRACT OF HIRING—EVIDENCE.

Plaintiff alleged an agreement with defendant for his board and expenses if he went away to the place of employment and worked for a few months, and with a further understanding that, if he went for a year, such board and expenses would not be paid, and testified that defendant asked him to go because of the scarcity of men. *Held*, that the contractor could show that there was no dearth of workmen of the class to which the employé belonged, and that he made no claim for board until after his discharge.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Thomas McDonald against Henry Alexander. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

Horwitz & Samuels, for appellant.

Thomas H. Smith, for respondent.

PER CURIAM. The plaintiff was employed by the defendant, a contractor, to work at Oakdale, Long Island. His claim is for board and traveling expenses. His allegation is that when he was employed he refused to go unless he was paid board and expenses, and that defendant said: "If you go out there for a few months only, I will pay your board and expenses; but, if you go out for a year or more, I will not, because it is a long job, and will last over a year; but for a few months I will pay your board and expenses." The defendant and his superintendent flatly contradict the plaintiff, and deny that any agreement whatever was made relative to board. The plaintiff testified that the defendant asked him to go because he was hard up for men. This was pertinent testimony, because it tended to throw some light upon the disputed question of fact, and, if true, explained in some degree why the defendant was willing to

make such an unusual agreement. The defendant, by proper questions, sought to show that there was at the time no dearth of competent workmen of the plaintiff's class. This evidence was excluded, and in this error was committed. If there had been plenty of men available, the supposed reason for making the agreement vanished, and the probability that it was ever made was greatly lessened. One Tripp, who was the defendant's foreman on the job, who paid the plaintiff his wages, and discharged him, was asked when he first heard that the plaintiff made a claim for board. He should have been allowed to answer, because, if plaintiff had accepted his dismissal, and his wages up to that time, and had made no claim for board until long afterwards, that circumstance would have had a strong bearing upon the probability of his story. If he, by reason of his discharge before the end of the year, became entitled to his board and traveling expenses, it would have been most natural that he should have said something about it, or made some demand at the time of his discharge. The alleged contract was emphatically denied, and was an unusual one for an employer to make, since it offered a premium to the workman not to stay out the full year; and hence everything tending to establish its probability or improbability was pertinent.

Judgment reversed, and new trial granted, with costs to abide the event.